UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PHYLLIS SAMUEL, | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | |
| | ) | |
| vs. | ) | Case No. 1:15-cv-00037-DML-JMS |
| | ) | |
| APPROVED CREDIT SOLUTIONS, | ) | |
| LLC, | ) | |
| | ) | |
| Defendant/Counterclaimant. | ) | |

## Order on Defendant's Motion to Dismiss Complaint

Phyllis Samuel's complaint against defendant Approved Credit Solutions, LLC ("Approved Credit") alleges that language in a collection letter Approved Credit sent to her dated May 2, 2014, violates the Fair Debt Collection Practices Act ("FDCPA").  Approved Credit simultaneously filed an answer to the complaint and moved to dismiss it under Fed. R. Civ. P. 12(b)(6).  Because it filed an answer, the motion to dismiss will be treated as a motion for judgment on the pleadings under Rule 12(c), which—as noted below—is adjudicated under the same standard of review applicable to a Rule 12(b)(6) motion.

Approved Credit also requests the court to hear oral argument on its motion "for the purpose of addressing any questions and/or concerns the Court may have concerning the Motion [to dismiss] and any responses and replies thereto."  Dkt. 22 at p. 1.  Given the nature of the issues (they are neither novel nor complex) and the thoroughness of the parties' briefing (both sides had ample opportunity to frame

their arguments in writing), the court determines that oral argument will not materially assist the court in its resolution of the pending motion. Approved Credit's motion (Dkt 22) for oral argument is DENIED.

Further, for the reasons discussed below, Approved Credit's motion for judgment on the pleadings (Dkt. 16) is also DENIED.

## The Complaint

Ms. Samuel alleges that Approved Credit's May 2, 2014 collection letter, seeking to collect a debt she incurred for consumer and household purposes, violated FDCPA provisions prohibiting (1) debt collection activity having the "natural consequence" to "harass, oppress, or abuse" a person, 15 U.S.C. § 1692d, (2) the use of "false, deceptive, or misleading representations or means" in collecting a debt, 15 U.S.C. § 1692e, and (3) the use of "unfair or unconscionable means" to collect a debt, 15 U.S.C. § 1692f. *See* Complaint, First Claim for Relief, ¶¶ 3, 4, and 5.

The body of the May 2 collection letter is in three sentences and reads as follows:

> This letter is informing you that your employment has been verified, in regards to the above cited debt. Failure to pay this debt immediately can result in involuntary resolution. You must contact Approved Credit Solutions immediately at 1-866-494-4121 to resolve this matter.

Ms. Samuel's complaint asserts that the first two sentences, in combination and read together, are confusing and misleading and threaten garnishment of wages by its reference to an "involuntary resolution" connected to Ms. Samuel's employment. She further complains that as a threat of wage garnishment, the

letter is false, misleading and of a harassing nature because Approved Credit had

no power to garnish her wages since no lawsuit had been filed and Approved Credit,

in fact, had no intention to file a lawsuit.

## Standard of Review

A Rule 12(c) motion (a motion attacking the legal sufficiency of a complaint

when an answer has been filed) is governed by the same standard of review

applicable to a motion for failure to state a claim under Rule 12(b)(6).  *Lodholtz v.*

*York Risk Services Group, Inc.,* 778 F.3d 635, 639 (7th Cir. 2015).  Accepting as true

all well-pleaded facts and reasonable inferences to be drawn from them, the court

must determine whether the complaint states "'a claim to relief that is plausible on

its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).  "A

claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged."  *Id.* (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)).  "A

Determining plausibility is "'a context specific task that requires the reviewing

court to draw on its judicial experience and common sense.'"  *Lavalais v. Village of*

*Melrose Park,* 734 F.3d 629, 632 (7th Cir. 2013) (quoting *Iqbal,* 556 U.S. at 679)).

## Analysis

Only the rarest FDCPA complaint that alleges a dunning letter is misleading

or confusing may be dismissed on the pleadings.  This is because the deceptive

character of a debt-collection letter must be understood through the mind of the

"unsophisticated consumer" who, though capable of making basic logical inferences

Case 1:15-cv-00037-DML-JMS   Document 43   Filed 07/28/15   Page 4 of 7 PageID #: 209

and refraining from reading things in a bizarre or idiosyncratic fashion, is nevertheless "uninformed, naïve, or trusting." *E.g., Gruber v. Creditors' Protection Serv., Inc.,* 742 F.3d 271, 273-74 (7th Cir. 2014); *Gammon v. GC Services Ltd. Partnership,* 27 F.3d 1254, 1257 (7th Cir. 1994). And even if the communication may not seem deceptive on its face, a plaintiff is permitted to offer evidence at a summary judgment or trial stage to show that indeed the language confuses the unsophisticated consumer. *See Evory v. RJM Acquisitions Funding L.L.C.,* 505 F.3d 769, 776 (7th Cir. 2007). The Seventh Circuit has reminded courts time and again that whether a debt-collection letter is misleading or confusing is a question of fact. *E.g., Lox v. CDA, Ltd.,* 689 F.3d 818, 822 (7th Cir. 2012) ("[W]e treat the question of whether an unsophisticated consumer would find certain debt collection language misleading as a question of fact."); *Marshall-Mosby v. Corporate Receivables, Inc.,* 205 F.3d 323, 326-27 (7th Cir. 2000); *Walker v. National Recovery, Inc.,* 200 F.3d 500, 501 (7th Cir. 1999); *Johnson v. Revenue Mgmt. Corp.,* 169 F.3d 1057, 1060 (7th Cir. 1999). Dismissal on the pleadings is appropriate *only* "if it is apparent from a reading of the letter that not even a significant fraction of the population would be misled by it." *Zemeckis v. Global Credit & Collection Corp.,* 679 F.3d 632, 636 (7th Cir. 2012).

In *Zemeckis,* the consumer claimed a dunning letter's exhortation to "take action now" and "call today" overshadowed and made confusing the validation notice contained in the letter that if she disputed any portion of the debt, she had 30 days to notify the collector of the dispute and verification of the debt would then be

obtained. 679 F.3d at 636. The consumer also complained about the letter's

statement that the creditor might take legal action. The court found, as a matter of

law, that the language exhorting prompt action was, at worst, puffery and did not

impose a deadline that could be read as contrary to the dispute-notification period,

even when considered in light of the references to the creditor's right to take legal

action. The court concluded that the language was so clear on its face that

dismissal was appropriate. *Id.* at 637.

Approved Credit favorably compares the language of its letter to that in

*Zemeckis.* The language of the May 2 letter to Ms. Samuel bears repeating: "This

letter is informing you that your employment has been verified, in regards to the

above cited debt. Failure to pay this debt immediately can result in involuntary

resolution." Approved Credit argues that like *Zemeckis,* its letter merely states

"simple truths," the first being that it had verified Ms. Samuel's employment and

the second being conveyed by the reference to its options as a creditor to cause

"involuntary resolution." That term, according to Approved Credit, could mean

"closing the file, forwarding it to another firm for collection, or fil[ing] suit to recover

the balance due"—all actions that it permissibly may take and which are

involuntary from Ms. Samuel's point of view. *See* Dkt. 16 at p. 4; Dkt. 35 at pp. 4, 6.

The court finds that Approved Credit's letter does not deserve the *Zemeckis*

treatment. Its letter is not so clearly worded and, indeed, Approved Credit itself

cannot ascribe a clear meaning to what it meant by the phrase "involuntary

resolution." It posits three different examples of an "involuntary resolution" it

meant to convey (closing the file, forwarding it to someone else, or filing suit), yet none seems to capture the essence of the word "resolution." A debt would not necessarily be "resolved" by closing a file, giving it to someone else, or filing a lawsuit.  Nor has Approved Credit explained what it meant to convey by placing next to each other the references to employment verification and "involuntary resolution," or even acknowledged that the sentence combination conveys an impression that the two matters are related and in a causal relationship.  In the court's view, the placement of the references—one immediately following the other—could cause an unsophisticated consumer to read the May 2 letter as tying the debtor's employment to an "involuntary" collection activity.  From there, the consumer might infer her employment wages will be affected involuntarily and resolve her debt if payment is not made immediately, whether or not she understood garnishment to be the "involuntary" action.

Approved Credit's dunning letter is not so clear that it may be deemed FDCPA-compliant as a matter of law.  Ms. Samuel's suggested interpretation that the letter threatened involuntary action involving her wages that Approved Credit did not have the authority to take (which she determined meant garnishment), or at least confused or misled her on that score, is not so idiosyncratic and bizarre that her FDCPA claims can be dismissed as a matter of law.

## Conclusion

For the foregoing reasons, Approved Credit's motion (Dkt. 16) to dismiss the plaintiff's complaint is DENIED.

So ORDERED.


Dated: July 28, 2015

_Debra McVicker Lynch_
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana


Distribution:

All ECF-registered counsel of record by email through the court's ECF system